<span style="display:block; background:black; color:black;"></span>

# CIRCUIT COURT OF THE CITY OF RICHMOND

Secure Haven Youth Services, L.L.C.

v.

Department of Medical
Assistance Services
and Commonwealth of Virginia

July 16, 2014

Case No. CL13-5095

<span style="display:block; background:black; color:black;"></span>

By Judge Melvin R. Hughes, Jr.

This case is before the Court on appeal under provisions of the Virginia Administrative Process Act (VAPA), Virginia Code §§ 2.2-4000 *et seq.* The case is here for review under well-known principles governing administrative appeals. *Johnston-Willis v Kenley,* 6 Va. App. 231, 369 S.E.2d 1 (1988).

Secure Haven, a provider of health services to Medicaid patients, under contract with the Virginia Department of Medical Assistance Services (DMAS) has appealed an agency ruling which, upon an audit, calls for reimbursement of payments it received totaling $65,476.56.

For services under consideration, Secure Haven provides community based residential treatment services to the three Medicaid patients at issue in this appeal. DMAS, after two steps in the agency administration appeal process, determined that Secure Haven should reimburse it due to (1) absence of documentation that at least seven psycho-educational services were provided to patients per week, (2) absence of documentation that at least one psycho-therapy session was provided to patients, and (3) absence of medical record documentation by a medical health provider signature regarding a six month assessment for conditions of a continued stay. Secure Haven contends that the retraction of payments constitutes arbitrary and capricious action by DMAS that should be annulled. Only three areas of retraction remain after the administrative appeal that are now the subject of this appeal. For one area of service which compromises most of the services for which the retraction request is made, Secure Haven contends the outside auditor invented criteria not found in law, the regulations or in the Community Mental Health Rehabilitative Services, and thus there is no objective standard on which to suggest a retraction.

*Error Code 1950*

Under DMAS regulations Level A residential services, include "therapeutic services . . . that provide[s] structure for daily activities, psycho-education, therapeutic supervision, and mental health care to assure the attainment of therapeutic mental health goals as identified in the individual service plan[.]" 12 VAC 30-130.860. Secure Haven complains that, with no basis in law or regulation, DMAS impermissibly requires in its Manual that "psycho-education" shall consist of seven psycho-educational activities per week. Moreover, according to Secure Haven, there is no authority to retract payment for a whole week's service when there is substantial compliance by providing service during a week.

DMAS, while admitting that there is no regulation specific to a seven psycho-educational activities per week requirement, contends that, under other regulations including one in the Manual, a "catch all", which grants "greater flexibility for [patient] interventions that may not neatly fit into one or more of the listed categories," the retraction is justified. Reply Br. at 9.

Lastly, Secure Haven argues that DMAS' Case Summary given to the provider under VAC 30-20-540(B) is legally deficient in that it fails to explain how its provision of services should be disallowed under the "catch all" provision.

There is no doubt that there is a requirement for psycho-education. *See* VAC 30-130-860(C). It can be said that, in interpreting and requiring implementation, the designation in the Manual that this be carried out seven times weekly, merely fulfills the command that the program afforded consist of "structure . . . to ensure the attainment of therapeutic mental health goals[.]" 12 VAC 20-130-860(C).

So, the Court agrees with DMAS that the "catch-all" and other regulations cited in its Brief permit designation of seven sessions for therapeutic intervention; however, the Court finds that it is arbitrary to require retraction for a whole week when it can be shown that less than seven sessions for "the attainment of mental health goals" were provided in a given week. This is dispositive with respect to this error code.

*Error Code 9052*

Under error code 9052, DMAS found that Secure Haven did not provide documentation that at least one individual psychotherapy session was provided per week. In this instance, the hearing officer found during the administrative appeal process that retraction was not in order because the services were provided to recipients by third parties for which Secure Haven did not receive compensation. The Court agrees with this assessment; the retraction requested under this error code is arbitrary and capricious and will be disallowed.

*Error Code 9069*

Here, DMAS requires under regulation that Medicaid recipients, upon a reassessment, be properly authorized for a continued stay in a residential facility. DMAS' Manual calls for the reassessment to be signed by a "licensed mental health provider." Manual at 21. Here, DMAS observes that, while Secure Haven provided a reassessment signed by a qualified mental health professional, the necessary documentation was not signed by a licensed mental health professional. Thus retraction is in order. Secure Haven maintains that, while this occurred, the absence of signature does not constitute a material non-compliance. The Court disagrees.

The Manual calls for a reassessment and signature after six consecutive months of stay to determine whether a patient should continue with a higher or lower level of care. Manual at 21. The difference between the two is material because the determination is central to the amount of care going forward. Accordingly, the Court finds that there is evidentiary support for the agency finding. Secure Haven's reliance on the hearing officer's determination that the absence of signature does not implicate patient risk is misplaced. Neither DMAS nor the Court is obligated to accept this as a finding because materiality is a legal issue founded upon the undisputed fact of absence of signature by a licensed medical health provider as required. The required signature is a necessary condition for reassessment for future level of care.

For the foregoing reasons, Secure Haven's appeal is sustained in part and overruled in part. The case is remanded to the agency for findings as to Error 1950 upon further proceedings consistent with the reasons given.